UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2008 MAY -7  P 2: 06

MALIK BASURTO LEE

VERSUS

SOUTHERN UNIVERSITY LAW
CENTER, ET AL

CIVIL ACTION

NO. 07-632-JVP-SCR

## RULING ON MOTIONS

Before the court is an objection (doc. 29) by plaintiff, Malik Basurto Lee, to the November 27, 2008 ruling of the magistrate judge (doc. 25). Also before the court is a motion for summary judgment by plaintiff (doc. 33), and a motion for summary judgment by defendant, Board of Supervisors of Southern University (doc. 38). Defendant replied to plaintiff's objection to the magistrate judge's ruling (doc. 32) and opposed the plaintiff's motion for summary judgment (doc. 39). Defendant's motion for summary judgment is unopposed. Jurisdiction is present under 28 U.S.C. § 1331, and these matters are now submitted.

### FACTS AND PROCEDURAL HISTORY

On August 13, 2007, plaintiff, proceeding pro se and in forma pauperis, brought this suit in the United States District Court for the Central District of California (docs. 1-3).[1] The complaint alleges diversity jurisdiction but also alleges

---

[1] The action was subsequently transferred to the Middle District Court of Louisiana because venue was defective in the Central District of California (doc. 8).

a claim arising under 20 U.S.C. § 1232g[2] and 42 U.S.C. § 1983 against all defendants.[3] Plaintiff alleges that he was dismissed from Southern University Law Center before an appeal was heard and all administrative remedies were exhausted. He therefore seeks re-enrollment in all of the classes from which he was dropped, an injunction to reverse his status at Southern, notification to the federal government of the change in his status, and a change of Southern University Law Center policy regarding the timing of the hearing of grade appeals. (Complaint, p. 4).

The proof of service indicated that defendants were served on August 17, 2007, by the server leaving the summons and complaint with Aletha Dents[4] at the reception desk of the office of the Louisiana Attorney General in Baton Rouge, Louisiana (doc. 9). On September 12, 2007, plaintiff, asserting that the defendants had been properly served but had not filed any response to his complaint, filed a

---

[2] 20 U.S.C. § 1232g(a)(1)(D)(2) provides that institutions receiving federal funding must provide adult students or parents of students an opportunity for hearings to challenge the content of the student's education records "in order to assure that they are not inaccurate, misleading, or otherwise in violation of the privacy rights of students, and to provide an opportunity for the correction or deletion of any such inaccurate, misleading or otherwise inappropriate data contained therein . . . ."

[3] Although plaintiff has sued the law center as an entity funded by the State of Louisiana, and operated by the Board of Supervisors, the legal entity involved is the Board of Supervisors of Southern University and A&M College. See La.Const. Art. 8, Sec. 7; La. R.S. 17: 1851. Plaintiff also joined as defendants: (1) Ralph Slaughter–Southern University System President; (2) Freddie Pitcher, Jr.–Chancellor of Southern University Law Center; (3) John Pierre–Vice Chancellor of Southern University Law Center; (4) Elaine Simmons–Associate Vice Chancellor for Records and Enrollment Management at Southern University Law Center.

[4] Though the proof of service lists "Aletha Dents" as the person served, plaintiff refers to "Alethea Dents" in his submissions to the court. (See doc. 18, p. 2; doc. 29, p. 3).

request for entry of a default under Rule 55(a), Fed.R.Civ.P. (doc. 12).[5] The magistrate judge noted that the Louisiana Attorney General was not authorized to receive service for any of the individual defendants and therefore denied the motion for entry of a default against them. The magistrate judge, however, granted the motion for entry of a default against the Board of Supervisors of Southern University on September 26, 2007 (doc. 13).

On October 4, 2007, the Board of Supervisors of Southern University, filed a motion to vacate the September 26, 2007 order of the magistrate judge (doc. 15). In support of its motion, defendant noted that service upon a "governmental organization, subject to suit, shall be effected by delivering a copy of the summons and complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by law of that state for the service of summons or like persons upon any such defendant." Fed.R.Civ.P. 4(j)(2). Defendant also noted that Louisiana R.S. 17: 3351(A) provides that "each postsecondary system management board as a body corporate shall have authority to . . . sue and be sued," whereas Louisiana R.S. 17: 3219 provides that "[e]ach board shall designate the physical location of its domicile and appoint an agent for service of process and shall file such information with the secretary of state." (doc. 15, ¶¶ 4-6).

---

[5]Plaintiff actually moved for a default judgment, but the magistrate judge, noting that plaintiff had neither requested nor obtained an entry of a default against the defendants, treated the motion as a request for entry of a default under Rule 55(a).

The memorandum in support of the motion to vacate also stated that the by-laws of Southern University provide that the Chief Executive Officer of Southern University is its president (doc. 15, ¶ 7 (*citing* Southern University By-Laws Article VII § 2)). Therefore, defendant argued that plaintiff failed to properly serve the Chief Executive Officer of Southern University, whose board is, by law, designated the proper entity to be sued (*id.* at ¶¶ 8, 10-11). Defendant also argued that the improper service of the Attorney General unfairly prejudiced Southern University in that the Department of Justice does not accept service for the university and would have expected the university to already have notice of the case (*id.* at 9).

On October 26, 2007, the magistrate judge denied the motion to vacate, concluding that the Board of Supervisors had not shown that service was improper, had not pled or identified any viable defense, had not identified any evidence of prejudice and had not shown that it had no actual notice of the suit before the default was entered (doc. 19, pp. 4-5).

The Board of Supervisors then filed an unopposed motion for reconsideration (doc. 20). The motion was accompanied by answers and amended answers to the plaintiff's complaints, asserting affirmative defenses such as Eleventh Amendment immunity and sovereign immunity under state law (docs. 22, 23). The magistrate judge granted that motion,[6] noting that defendant had pled viable defenses and

---

[6]The magistrate judge apparently failed to consider the provisions of La. R.S. 17:3219 regarding an agent for service of process upon the Board of Supervisors. That agent is *not* the

concluding that the delay in pleading the defenses had not prejudiced plaintiff's ability to prosecute his claims. The magistrate judge further concluded that defendant had shown good cause to set aside the previously entered default. Therefore, he vacated the previous ruling granting plaintiff's motion for entry of default and denied plaintiff's Rule 55(a) motion. (doc. 25).

On December 4, 2007, plaintiff filed the current motion for review of the October 26, 2008 ruling of the magistrate judge (doc. 29). Plaintiff filed his current motion for summary judgment on December 19, 2007 (doc. 33). On February 7, 2008, defendant filed its current motion for summary judgment (doc. 38) and opposed plaintiff's motion for summary judgment (doc. 39).

**Plaintiff's Motion for Review of the Magistrate's Ruling**

Having thoroughly reviewed plaintiff's objection to the ruling of the magistrate judge as well as the record of the present action, the court finds no merit in plaintiff's arguments. As previously noted herein, the Board of Supervisors was never properly served, but waived service of process by formally filing an answer and other pleadings.[7] Therefore, the magistrate judge properly vacated the prior ruling and denied plaintiff's motion for entry of default.

---

Attorney General of Louisiana and the Board of Supervisors was therefore not properly served in this action. However, since the Board of Supervisors has now formally filed an answer and other pleadings, it has waived service.

[7]See *supra* note 6.

**Defendant's Unopposed Motion for Summary Judgment**

Defendant has submitted a statement of uncontested material facts pursuant to LR. 56.1 (doc. 38-3). Plaintiff, however, has failed to submit a statement of material facts as to which there exist a genuine issue to be tried. Therefore, pursuant to LR. 56.2, defendant's statement of uncontested material facts will be deemed admitted for the purposes of this motion.[8] Those material facts are as follows:

1. The plaintiff entered the Southern University Law Center as a first year student in August, 2006.

2. The plaintiff attended Southern University Law Center for the Fall, 2006 and Spring, 2007 semesters.

3. The law center catalog, at page 64, had a clear rule providing that a first year student with less than a 2.0 average after the first two semesters was automatically dismissed from the law center. (*See* Ex. 1).

4. The law center catalog had a clear rule providing that a student with a 1.9 grade point average had the right to petition for reinstatement. (*See* Ex. 1).

5. At the end of the first two semesters of law school the plaintiff had a grade point average of 1.7759. (*See* Ex. 2).

---

[8]LR 56.2 provides:
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

6. On June 6, 2007, the law school advised plaintiff that he was dismissed from the law school because of his failure to achieve a 2.0 grade point average. (*See* Ex. 3).

7. The plaintiff appealed an "F" in the course of "Obligations" in an attempt to increase his average for readmission.

8. The grade appeal committee met on August 29 and September 5, 2007, heard plaintiff's appeal, and voted 5-0 to deny the appeal and uphold the grade. (*See* Exs. 4,5).

9. On or about August 13, 2007, the plaintiff filed this lawsuit in the United States District Court for the Central District of California (*See* doc. 3).

10. On September 4, 2007, this case was transferred from the Central District of California to the Middle District of Louisiana. (*See* doc. 8).

11. On December 21, 2007, the law center chancellor, in response to a letter from the plaintiff advised him that he had reviewed the matter and saw no reason to reverse the grade appeal committee's decision. (*See* Ex. 6).

12. The defendant, Board of Supervisors of Southern University, which manages the Southern University Law Center, is a public institution and agency of the State of Louisiana.

(doc. 39-2)

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing

that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). "If the defendant in a . . . civil case moves for summary judgment . . . , [the inquiry is] whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson*, 477 U.S. at 252.

Although no private right of action exists under 20 U.S.C. § 1232g, an action under the federal civil rights statute, 42 U.S.C. § 1983, may nevertheless be premised on an alleged violation of the Family Educational Rights and Privacy Act, of which 20 U.S.C. § 1232g is a part. *Tarka v. Cunningham*, 917 F.2d 890 (5th Cir. 1990). Title 42 U.S.C. § 1232g precludes a cause of action whose purpose is to challenge, except for ministerial error, the grade assigned to a student. *Id.* at 891. "The statute requires an educational institution to afford parents or 'adult' students the opportunity to challenge a student's education records 'in order to insure that the records are not [a] inaccurate, or [b] misleading, or [c] otherwise in violation of the privacy or [d] other rights of students . . . .'" *Id.* (citing 20 U.S.C. § 1232(a)(2)). "[O]ther rights of students" does not include the right to challenge a professor's grading process. *Id.* The statute only requires that the institution provide an opportunity for the student, or parents of the student, to challenge the accuracy of

8

institutional records which record the grade actually given; it does not require the institution to provide the student or his parents an opportunity to contest whether the teacher should have assigned a higher grade. *Id.*

In the present case, plaintiff does not allege that the law center failed to provide him an opportunity to challenge whether his academic records were inaccurate, misleading, or otherwise in violation of his privacy or other rights as a student. Instead, plaintiff contests Southern's policy regarding the way in which the actual grade given by a professor can be challenged. The Family Educational Rights and Privacy Act does not create a statutory vehicle to bring such disputes into federal court. *Tarka,* 917 F.2d at 892. To do so would effect a dramatic intrusion of federal authority into the setting of academic standards. *Id.*

Upon viewing the facts in the light most favorable to the non-movant and drawing all reasonable inferences in his favor, the court concludes that plaintiff has failed to carry his burden of establishing the existence of a genuine issue of fact as to whether defendant failed to provide him an opportunity to challenge whether his academic records were inaccurately recorded, misleading, or otherwise in violation of his privacy rights or other rights as a student pursuant to 20 U.S.C. § 1232g. Having found that plaintiff failed to carry this burden, and that the defendant's motion for summary judgment should be granted, the court need not address plaintiff's motion for summary judgment.

The court also notes that Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In the present case, plaintiff received clear notice of his failure to properly serve the individual defendants when the magistrate judge, on November 27, 2007, denied plaintiff's motion for entry of default against them because they had not been properly served (doc. 13, p. 2).[9]  Plaintiff has had ample time to either serve the individual plaintiffs or to show good cause for this failure but has failed to do so. Therefore, pursuant to Fed.R.Civ.P. 4(m) all claims asserted against the individual defendants will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the motion by plaintiff, Malik Basurto Lee, for review of the November 27, 2008 ruling of the magistrate judge (doc. 29), is hereby **DENIED**.  The motion by plaintiff, Malik Basurto Lee, for summary judgment (doc.

---

[9] Though the magistrate judge later vacated that ruling insofar as it applied to Southern University, the prior ruling was still valid as to the individual defendants.  The subsequent ruling merely denied plaintiff's motion for entry of default against the Board of Supervisors of Southern University and A&M College (doc. 25, p. 3).  Plaintiff's receipt of this notice is evidenced by his subsequent motions and memoranda (docs. 17, 18, 24, 29, 30).

33) is hereby **DENIED**.  The motion by defendant, the Board of Supervisors of Southern University and A&M College (doc. 38) is hereby **GRANTED**, and judgment shall be entered in its favor, dismissing all claims against it with prejudice.  The claims against the individual defendants, Ralph Slaughter, Freddie Pitcher, Jr., John Pierre, Elaine Simmons, Nadia E. Nedzel, and Paul Race, shall be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

Baton Rouge, Louisiana, May 7, 2008.

*[signature]*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA